## CHARLES GATES *vs.* DAVID MACK & others.

If a claim against the estate of an insolvent debtor be contested by the assignee, on the ground of a discharge therefrom by previous proceedings in insolvency against such debtor, the validity of the certificate may be impeached by the creditor, and tried and decided by the commissioner

THIS was an appeal from a decree of the commissioner of insolvency for the county of Hampshire, refusing to allow a claim presented against the estate of Leonard Campbell. an insolvent debtor, of whom the appellees were the assignees.

The appellant having duly presented his claim, at the third meeting of the creditors, the assignees objected thereto, that Campbell had been discharged from the same, by former proceedings in insolvency, and produced his certificate of discharge in due form. The appellant denied the validity of the certificate, and offered to introduce evidence to impeach it, by showing that it had been fraudulently obtained. But the commissioner, being of opinion, that he had no right to enter upon such a hearing, refused to receive the evidence, and rejected the claim.

The case was submitted, without argument, and with the agreement, that if the court should be of opinion, that the appellant might contest the validity of the discharge, on the ground of fraud, the case should be sent to a jury for trial otherwise the appeal should be dismissed

BY THE COURT.   The court have no doubt, that Gates, the appellant, had a good right to contest the validity of the insolvent's former discharge.   If it was obtained by fraud, it was no bar to the appellant's claim and proof of debt.   On that claim, therefore, the validity of the certificate of discharge was directly in issue.

Where a question of fact is in controversy before a tribunal not so constituted as to allow of a trial by jury, as a judge of probate, justice of the peace, commissioner in insolvency, or the like, the question, whether of fraud or otherwise, must be tried and decided by the judge, justice, or commissioner.   But, in most if not in all such cases, the legislature have taken care to provide, that by appeal or in some other form, the case may be brought before a court of common law jurisdiction, where a trial by jury may be had. In this case, the appeal is sustained, and the cause is ordered to stand for trial.